***CIRCUIT COURT FOR SARASOTA COUNTY, FLORIDA***

MAXINE P. KOERNER,

Plaintiff,

vs. Case No.: 2017 SC 55 NC

MIDLAND CREDIT MANAGEMENT, INC.
and MIDLAND FUNDING LLC,

Defendants.
_______________________________/

## ***AMENDED COMPLAINT***

Plaintiff, MAXINE P. KOERNER, sues Defendants, MIDLAND CREDIT MANAGEMENT, INC. and MIDLAND FUNDING LLC ("Defendants") and alleges:

1. Plaintiff brings this action for damages that do not exceed $2,500.00, exclusive of attorney fees and costs, pursuant to the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices to collect a debt.

2. Defendants' unlawful collection letter that violates the FDCPA which gave rise to this cause of action occurred in Sarasota County, Florida.

3. Plaintiff is a resident of Sarasota County, Florida. Plaintiff's financial obligation to pay the debt is considered a consumer debt, as the credit card debt was an obligation or alleged obligation of a consumer to pay money arising out of

transactions that are primarily for personal, family, or household purposes, whether or not such obligations have been reduced to judgment. Since Plaintiff was obligated to pay the aforementioned credit card debt, Plaintiff qualifies as a natural person obligated or allegedly obligated to pay any debt as defined by 15 U.S.C. § 1692a(3).

4. Defendant, MIDLAND CREDIT MANAGEMENT, INC., a Kansas Corporation, conducted business in this State to collect money from Plaintiff and committed statutory violations in Sarasota County, Florida, and is otherwise engaged in its usual and customary collection business in Florida. At all material times, Midland Credit Management, Inc. acted as a "debt collector", in an effort to collect the purported debt allegedly owed by Plaintiff. Defendant qualifies as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

5. Defendant, MIDLAND FUNDING LLC, a Delaware LLC, conducted business in Sarasota County, Florida to collect money from Plaintiff and committed statutory violations in this State, and is otherwise engaged in its usual and customary collection business in Florida. At all material times, Defendant, MIDLAND CREDIT MANAGEMENT, INC., acted on behalf of Defendant, MIDLAND FUNDING LLC, as a collection agent for the owner of the debt. Defendant qualifies as a person under FDCPA.

6. Plaintiff had a credit card from Chase Bank USA, N.A.

which is a "creditor" as defined by 15 U.S.C. §1692a(4), and Midland Funding LLC subsequently purchased the debt, with the account number reflected on the attached partially redacted exhibit. At the time the debt was assigned, placed, or transferred to Midland Funding, LLC, the debt was in default.

7. The loan became delinquent in excess of four years of the date of the attached demand letter. In Florida the Statute of Limitations to collect a debt based on a credit card debt is 4 years. F.S. §95.11(2)(b). The subject debt is time barred.

8. Defendants engaged in abusive, deceptive and unfair practices in attempting to collect a time-barred debt without disclosing important information, including the fact that providing a partial payment would revive Defendants' ability to take legal action to collect the balance that had otherwise lapsed. The letter offered Plaintiff several payment options ("We can't change the past, but we can help with your future"):

- **Option 1: 40% OFF**
- **Option 2: 20% OFF** Over 12 Months
- **Option 3: Monthly Payments As Low As: $50 per month**

9. The letter does not inform Plaintiff that Defendants are barred from taking any legal action to collect the expired debt.

10. The letter does not inform Plaintiff that should she choose to accept any of Defendants' offers to make multiple payments that the applicable statute of limitations would be

reset to start over.

11. The letter does not inform Plaintiff that should she choose to accept Defendants' invitation to call Defendants to arrange for making multiple payments that the applicable statute of limitations would be reset to start over.

12. The letter does not inform Plaintiff that should the applicable statute of limitations reset or start over, the current creditor, or a subsequent creditor, would have the right commence legal action, which otherwise would have been barred.

13. The letter does not advise that Defendants, or a subsequent creditor, could sue on a defaulted monthly payment option.

14. Chase Bank USA, N.A. sold the time barred debt. Defendant, MIDLAND FUNDING LLC, is the current owner of the debt, and it instructed Defendant, MIDLAND CREDIT MANAGEMENT, INC. to collect the debt, which commenced its non-judicial activity to collect the time barred debt.

15. Defendants implemented its unlawful collection conduct by sending Plaintiff the attached collection letter asserting false and misleading information in an effort to collect the above referenced time barred debt.

16. Despite actual knowledge of its wrongdoing, Defendants conducted their misleading collection activity on a time barred debt.

17. Defendants followed their corporate policies when making the written communication to Plaintiff.

18. Defendants have been the recipient of numerous complaints and lawsuits from debtors, alleged debtors, and non-debtors across the Country, similar to those alleged in this action by Plaintiff.

19. As a direct and proximate result of Defendants' acts or omissions, Plaintiff has suffered damages.

20. All conditions precedent to the filing of this action have been performed or are excused.

21. Plaintiff has been the object of collection activity by Defendants arising from the collection of a consumer debt.

22. Plaintiff was forced to retain undersigned counsel and has or will incur attorney's fees, legal assistant fees and costs. Counsel has been retained on a contingency basis, and Plaintiff seeks a contingency risk multiplier.

23. When Defendants made their demand in writing, and at the time of the violations, Defendants had actual knowledge that the debt was time barred and that they were misleading Plaintiff.

24. Despite knowing that the debt was time barred, Defendant sent the letter to Plaintiff for collection purposes, using false, deceptive or misleading representation or means in connection with the collection of a debt; and using unfair or

unconscionable means to collect or attempt to collect any debt.

25. During the time of the collection attempt, and at the time of the violations, Defendants had actual knowledge that the debt was time barred and misleading, and despite that made the written demand to Plaintiff.

26. As a direct and proximate result of Defendants' acts or omissions, as set forth herein, Plaintiff has suffered damages.

27. Collection letters and/or notices, such as those sent by the Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

28. Defendants' offers of monthly payment plans would cause the least sophisticated consumer to be confused as to whether the debt was still legally enforceable.

29. Defendants' offers of monthly payment plans would cause the least sophisticated consumer to be confused as to the possible consequences of accepting and/or entering into a monthly payment plan.

30. The form, layout and content of Defendants' letter would cause the least sophisticated consumer to be confused about his or her rights and the consequences of entering into a monthly payment plan.

31. Defendants' attempt to entice Plaintiff into a monthly payment plan without explaining the possible consequences of

doing so would cause the least sophisticated consumer to be confused about his or her rights and the consequences of entering into such a payment plan.

32. Defendants engaged in false, deceptive, or misleading representations, or means in violation of FDCPA.

33. Defendants engaged in unfair or unconscionable means to collect or attempt to collect a debt in violation of FDCPA.

34. By failing to advise Plaintiff that the applicable statute of limitations could be revived or start over, Defendants engaged in false, deceptive, or misleading representations or means in violation of FDCPA.

35. By failing to advise Plaintiff that the applicable statute of limitations could be revived and start over, Defendants engaged in unfair or unconscionable means to collect or attempt to collect a debt in violation of FDCPA.

36. By failing to advise Plaintiff of the possible consequences of defaulting on a monthly payment plan, Defendants violated FDCPA.

37. The FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt. Defendants the FDCPA by making false representations of the character and legal status of the debt.

38. FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

Defendants violated 15 U.S.C. § 1692f *et seq.* by attempting to entice Plaintiff into entering into a monthly payment plan without explaining the possible consequence of doing so.

39. Defendants' conduct as described herein constitutes false representatives or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

40. FDCPA prohibits a debt collector from using unfair of unconscionable means to collect or attempt to collect any debt. Defendants violated FDCPA by attempting to entice Plaintiff into entering into a monthly payment plan without explaining the possible consequences of doing so.

41. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect the debt.

42. Defendants' attempt to entice Plaintiff into a monthly payment plan without explaining the possible consequences of doing so constitutes an unfair or unconscionable means to collect or attempt to collect a debt.

43. Defendants acts as described above have violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(10), 15 U.S.C. § 1692f.

44. Plaintiff has suffered damages as a direct result of the Defendants' actions, conduct, omissions and violations of

the FDCPA described herein.

**DEMAND FOR TRIAL BY JURY**

***WHEREFORE***, Plaintiff demands judgment against Defendants, finding that Defendants violated the FDCPA, awarding Plaintiff statutory damages, costs, interest, attorney fees pursuant to and such other relief as this court deems

***CERTIFICATE OF SERVICE***

***I HEREBY CERTIFY*** that a true and correct copy of the above has been e-mailed to Holland & Knight, LLP, cory.eichhorn@hklaw.com, and all others listed on the e-filing portal on May 15, 2017.

/s/Gregg Horowitz

***Gregg Horowitz***
***P.O. Box 2927***
***Sarasota, FL 34230***
***Florida Bar No.: 0802867***
***(941) 365-2094***
***gregg.horowitz@verizon.net***

Midland Credit Management, Inc.
2365 Northside Drive
Suite 300
San Diego, CA 92108

11-30-2016

P9T369 001

Maxine P Koerner
1079 Bayshore Dr
Englewood, FL 34223-2302

# Did y u forg t somethi g?

| MCM Account Number | Current Balance | Discount |
|---|---|---|
| [redacted]4096 | $9,653.21 | 40% OFF |

**Original Creditor** **Chase Bank USA, N.A.**
**Original Account** [redacted]9599
**Current Owner** **Midland Funding LLC**

**CALL US TODAY! (800) 321-3809**
**Hours of Operation**
**Sun-Th: 5am-9pm PT; Fri-Sat: 5am-4:30pm PT;**

**We can't change the past, but we can help with your future.**

RE: Chase Bank USA, N.A.

Maxine P Koerner, mistakes can happen to anyone. Midland Credit Management believes that everyone deserves a second chance. Call (800) 321-3809 or visit us online at www.midlandcreditonline.com by 12-30-2016 to accept one of these discounts.

**We are offering you 40% OFF your balance to help you eliminate your debt while saving money.**

Midland Credit Management will help you put this debt burden behind you. Call us today to pay off your account, and regain your financial freedom!

Sincerely,

Tim Bolin

Tim Bolin, Division Manager

## KNOW YOUR OPTIONS

**Option 1**
**40% OFF**
Payment Due Date: 12-30-2016

**Option 2**
**20% OFF**
Over 12 Months

**Option 3**
**Monthly Payments As Low As: $50 per month**

The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid.

We are not obligated to renew any offers provided.

**(800) 321-3809** **midlandcreditonline.com**

Midland Credit Management, Inc.
P.O. Box 60578
Los Angeles, CA 90060-0578

**PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**

MCM Account Number [redacted]4096
Current Balance $9,653.21

Total Enclosed $ .

**Manage Your Account Online**
midlandcreditonline.com

**Important Payment Information**

**Mail Payments to:**
Midland Credit Management, Inc.
P.O. Box 60578
Los Angeles, CA 90060-0578

**Make checks payable to:**
Midland Credit Management
Enter your MCM Account # on all payments

**(800) 321-3809**

se habla espanol
(888) 422-5178

0205600072087
0000 0000

12 8546184096 0 0579192 123016 5 433554084

**Important Disclosure Information:**

**Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

To report any inaccuracies or to dispute this debt, please call (800) 321-3809
Calls to and/or from this company may be monitored or recorded.

| | | | |
|---|---|---|---|
| Original Creditor | Chase Bank USA, N.A. | MCM Account Number | [redacted]4096 |
| Original Account Number | [redacted]9599 | Charge-Off Date | 06-30-2010 |
| Current Creditor *The sole owner of this debt* | Midland Funding LLC | Current Servicer | Midland Credit Management, Inc. |

| | | |
|---|---|---|
| <u>Send Payments to:</u><br>Midland Credit Management, Inc.<br>P.O. Box 60578<br>Los Angeles, CA 90060-0578 | <u>For disputes call (800) 321-3809 or write to:</u><br>Attn: Consumer Support Services<br>2365 Northside Drive<br>Suite 300<br>San Diego, CA 92108 | <u>Physical Payments for Colorado Residents:</u><br>80 Garden Center<br>Suite 3<br>Broomfield, CO 80020<br>Phone (303) 920-4763 |

**We are required under state law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law:**

You are hereby notified that a negative report on your credit record may be submitted to a credit reporting agency if you fail to meet the terms of your credit obligations.

**IF YOU LIVE IN MASSACHUSETTS, THIS APPLIES TO YOU: NOTICE OF IMPORTANT RIGHTS:** You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to MCM.

**IF YOU LIVE IN MINNESOTA, THIS APPLIES TO YOU:** This collection agency is licensed by the Minnesota Department of Commerce.

**IF YOU LIVE IN NEW YORK CITY, THIS APPLIES TO YOU:** New York City Department of Consumer Affairs License Number 1140603, 1207829, 1207820, 1227728, 2022587, 2023151, 2023152, 2027429, 2027430, 2027431

**IF YOU LIVE IN NORTH CAROLINA, THIS APPLIES TO YOU:** North Carolina Department of Insurance Permit #101659, #4182, #4250, and #3777, #111895, and #112039. Midland Credit Management, Inc. 2365 Northside Drive, Suite 300, San Diego, CA 92108

**IF YOU LIVE IN TENNESSEE, THIS APPLIES TO YOU:** This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.